1   **Robert Stempler**, Cal. Bar No. 160299
    Email: Robert@StopCollectionHarassment.com
2   CONSUMER LAW OFFICE OF
    ROBERT STEMPLER, APLC
3   P.O. Box 1721
    Palm Springs, CA 92263-1721
4
    Telephone (760) 422-2200
5   Fax: (760) 479-5957

6   Counsel for Plaintiff

7

```
                    FILED

                  NOV 0 9 2009

           CLERK, U.S. DISTRICT COURT
      SOUTHERN DISTRICT OF CALIFORNIA
      BY                      DEPUTY
```

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   ERIC ESPINOZA,                    )   Case No.  '09 CV 2520   JLS JMA
                                       )
12          Plaintiff,                 )   COMPLAINT FOR:
                                       )   1.   VIOLATING THE FAIR DEBT
13          vs.                        )        COLLECTION PRACTICES ACT;
                                       )   2.   CALIFORNIA ROSENTHAL FAIR
14   PORTFOLIO   RECOVERY              )        DEBT COLLECTION PRACTICES
     ASSOCIATES LLC,                   )        ACT;
15                                     )
            Defendant.                 )   and DEMAND FOR JURY TRIAL
16                                     )
                                       )
17   _____   )

18   ///

19   ///

20   ///

21

22

23

24

25

26

27

28

Jurisdiction

1.      Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.  Supplemental jurisdiction exists for the state law claim, pursuant to 28 U.S.C. § 1367 and rule 18(a) of the Federal Rules of Civil Procedure.

Parties

2.      The plaintiff, ERIC ESPINOZA ["plaintiff"], is a natural person.

3.      Defendant   PORTFOLIO   RECOVERY   ASSOCIATES   LLC ["Defendant"] was, at all times relevant to this complaint, an entity engaged in the business of collecting debts.

Facts Supporting Each Claim

4.      On December 24, 2008, Defendant filed a collection lawsuit against plaintiff, in which Defendant alleged that it was assigned a purported debt of plaintiff.

5.      Defendant's collection lawsuit was verified under oath.

6.      The purported debt underlying Defendant's collection lawsuit involved a purported credit card, which Plaintiff incurred primarily for personal, family, or household purposes.

7.      At the time of Defendant's filing the collection lawsuit against Plaintiff, the statute of limitations barred Defendant's claims, if any.

8.      Plaintiff was served with the collection lawsuit and retained counsel to defend against the collection lawsuit.

9.      Plaintiff's counsel appeared in the collection lawsuit by filing an answer to complaint and engaging in discovery and other formal requests regarding the debt.

10.      On March 27, 2009, Defendant dismissed its collection lawsuit against Plaintiff without prejudice.

11.      There was no settlement of the collection lawsuit between Plaintiff and Defendant.

12.    Following Defendant's entry of dismissal in the state collection action, Plaintiff's counsel filed a motion for attorney's fees and costs in the collection action, which Defendant opposed.

13.    In ruling on Plaintiff's motion, the state court declined to award any attorney's fees to Plaintiff, but awarded costs of $200, which Defendant paid.

14.    Plaintiff incurred legal fees, expenses, and other costs, for having to hire counsel and for having to defend against Defendant's time-barred collection lawsuit.

## FIRST CLAIM FOR RELIEF

### Violating the Fair Debt Collection Practices Act

### Against Defendant

15.    Those paragraphs under the headings "Jurisdiction," "Parties," and "Facts Supporting Each Claim" are incorporated by reference.

16.    Plaintiff is a "consumer," as defined by FDCPA § 803, codified at 15 U.S.C. § 1692a(3).

17.    Defendant is a "debt collector," as defined by FDCPA § 803, codified at 15 U.S.C. § 1692a(6).

18.    The purported credit transaction that Defendant attempted to collect from plaintiff is a "debt," as defined by FDCPA § 803, codified at 15 U.S.C. § 1692a(5).

19.    The above-noted purported debt was incurred by plaintiff primarily for personal, family, or household purposes.

20.    Defendant violated numerous sections of the FDCPA, in particular, but not limited to: 15 U.S.C. §§ 1692e, 1692f.

///

///

///

///

///

# SECOND CLAIM FOR RELIEF

## Violating California Rosenthal Fair Debt Collection Practices Act

## Against Defendant

21.     Those paragraphs under the headings "Jurisdiction," "Parties," "Facts Supporting Each Claim," and "Violating the Fair Debt Collection Practices Act" are incorporated by reference.

22.     The Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 et seq. ("Rosenthal Act") was enacted in 1976 to ensure the integrity of our banking and credit industry. Cal. Civil Code § 1788.1(a)(1). The Legislature found: "Unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Id.

23.     Defendant is a "debt collector" within the meaning of Civil Code § 1788.2( c), in that Defendant regularly and in the ordinary course of business, on behalf of itself or others, engaged in acts and practices in connection with the collection of consumer debts.

24.     Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h), in that Plaintiff is a natural person from whom Defendant sought to collect a consumer debt alleged to be due and owing.

25.     The purported debt which Defendant attempted to collect from Plaintiff is a "consumer debt" within the meaning of Civil Code § 1788.2(f), in that it was incurred primarily for personal, family, or household purposes.

26.     Defendant violated the Rosenthal Act, including  Cal. Civil Code §§ 1788.10, 1788.17.

27.     Defendant's violations were done willfully and knowingly.

///

///

///

## PRAYER

WHEREFORE, plaintiff prays for judgment as follows:

    1.    On the First Claim for violating the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. § 1692k, an award of actual and statutory damages, costs and reasonable attorneys' fees;

    2.    On the Second Claim for violating the California Rosenthal Fair Debt Collection Practices Act, pursuant to § 1788.30, an award of actual and statutory damages, costs and reasonable attorneys' fees;

    3.    For such other further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that plaintiff demands trial by jury in this action.

Respectfully submitted,
CONSUMER LAW OFFICE OF ROBERT
STEMPLER, APLC

By: Robert Stempler,
Attorney for Plaintiff

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
ERIC ESPINOZA

**DEFENDANTS**
PORTFOLIO RECOVERY ASSOCIATES LLC

**FILED**
NOV 0 9 2009
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**09 CV 2520      JLS JMA**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)   760-422-2200
Consumer Law Office of Robert Stempler, APLC
P.O. Box 1721; Palm Springs CA 92263-1721

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq.
Brief description of cause:
Debt collection harassment and abuse.

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ To be determined.   CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**   (See instructions):   None   JUDGE _____   DOCKET NUMBER _____

DATE
11/05/2008

SIGNATURE OF ATTORNEY OF RECORD
_____

**FOR OFFICE USE ONLY**

RECEIPT # 7117   AMOUNT 350.00   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

CR   US 11/10/09

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS007117
Cashier ID: msweaney
Transaction Date: 11/10/2009
Payer Name: LO OF ROBERT STEMPLER
--------------------------------
CIVIL FILING FEE
 For: ESPINOZA V PORTFOLIO RECOVERY
 Case/Party: D-CAS-3-09-CV-002520-001
 Amount:        $350.00
--------------------------------
CHECK
 Check/Money Order Num: 2434
 Amt Tendered:  $350.00
--------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```